UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ENRIQUE FIGUEROA GUZMAN,

    Petitioner,

v.

M.E. SPEARMAN,

    Respondent.

No. 2:18-cv-0911-MCE-EFB P

FINDINGS AND RECOMMENDATIONS

Petitioner is a state prisoner who, proceeding without counsel, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He filed his petition on April 13, 2018. ECF No. 1. On June 24, 2019, respondent filed a motion to dismiss which argued that petitioner's claims are barred by the one-year statute of limitations which governs federal habeas claims. ECF No. 10. Petitioner has filed an opposition. ECF No. 13. For the reasons stated hereafter, the petition should be dismissed.

<u>Background</u>

In 1995 petitioner was convicted in the Sacramento County Superior Court of second-degree murder. ECF No. 9-1. In recent years (2016 onward) he filed several state habeas actions challenging his murder conviction (Lodg. Doc Nos. 2, 4, & 6) which invoked the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the

/////

1

Supreme Court held that the residual clause[1] of the Armed Career Criminal Act ("ACCA") was void for vagueness. *Id*. at 2557. Respondent argues that the *Johnson*-related claim raised in petitioner's federal habeas petition is barred by the statute of limitations. ECF No. 10.

## Standard of Review

In the context of federal habeas claims, a motion to dismiss is construed as arising under rule 4 of the Rules Governing Section 2254 in the United States District Courts which "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated." *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990) (quoting *Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983)). Accordingly, a respondent is permitted to file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards in reviewing the motion. *See Hillery v. Pulley*, 533 F. Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982). Rule 4 specifically provides that a district court may dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that petitioner is not entitled to relief in the district court . . . ." Rule 4, Rules Governing Section 2254 Cases.

## Analysis

Petitioner was convicted in 1995 - prior to the enactment of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") in 1996. Thus, he had (absent any tolling) until April 24, 1997 to file a timely federal habeas petition. *See Lott v. Mueller*, 304 F.3d 918, 920 (9th Cir. 2002) ("State prisoners, the relevant judgment against whom became final prior to the date of enactment of the AEDPA, had until April 24, 1997, one year from the effective date of the AEDPA, to file a petition."). Petitioner's first state habeas petition – required for exhaustion in federal court – was not filed until 2016 (ECF No. 9-2), nearly two decades after the deadline. The question, then, is whether some exception renders his petition timely.

/////

---

[1] 18 U.S.C. § 924(c)(3)(B) defines "violent felony" in the context of the ACCA and provides that such an act includes one that is "burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." The Supreme Court noted that the closing words, emphasized above, have become known as the residual clause. *Johnson*, 135 S. Ct. at 2555-56.

Petitioner argues that, insofar as his claim is predicated on the 2015 *Johnson* decision, it is, once tolling is accounted for, timely. ECF No. 13 at 2. AEDPA provides that the one-year trigger may run from "[t]he date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). But petitioner was not sentenced under the ACCA. And Penal Code Section 189 – which he compares to the relevant portion of the ACCA (ECF No. 1 at 8-9) – does not contain the language the Supreme Court took issue with. In *Johnson v. Fox*, another district court in this circuit analyzed an identical claim and, in language this court finds persuasive, determined:

> Petitioner claims that California Penal Code Section 189's ("§ 189") "second degree murder residual clause is void-for-vagueness, in violation of the 5th and 14th amendments to the United States Constitution . . . ." Importantly, however, *Johnson* is inapposite because Petitioner's sentence was not enhanced under ACCA's 'residual clause' or any other similar statute.
>
> Indeed, Petitioner challenges: (1) a state statute; that (2) does not discuss any sentencing enhancements; and (3) does not require a wide-ranging inquiry into whether Petitioner's crimes posed any serious potential risk of physical injury to another [as in *Johnson*]. Therefore, because Petitioner was not sentenced under ACCA's residual clause, or even any similar state law equivalent, Johnson created no new Due Process right applicable to Petitioner, and the limitations period prescribed in 28 U.S.C. § 2244(d)(1)(C)] does not apply.

No. LA CV 16-9245 GW (JCG), 2016 U.S. Dist. LEXIS 185981, at *4-5 (C.D. Cal. Dec. 20, 2016) (alteration omitted) (emphasis in original) (footnote omitted) (citations omitted) (some internal quotation marks omitted), Report and Recommendation adopted by 2017 U.S. Dist. LEXIS 58509 (C.D. Cal. Apr. 14, 2017). And other courts have reached similar conclusions. *See, e.g., See Renteria v. Asunsion,* No. CV 16-6874 R (FFM), 2016 U.S. Dist. LEXIS 174456, at * 6-7 (C.D. Cal. Dec. 16, 2016) ("The Court's decision in *Johnson* was narrow and based on the confluence of nine years of difficulty interpreting the provision, the remaining language of the statute, and the language of the residual clause itself. Thus *Johnson* cannot be read so broadly as to have also found California's second-degree felony-murder elements also unconstitutionally vague . . . . [b]ecause *Johnson* does not represent the Supreme Court's recognition of a new rule

3

of constitutional law that is applicable to Petitioner, he is not entitled to a later start date of the one-year limitations period under 28 U.S.C. § 2244(d)(1)(C)."); *Lively v. Spearman*, No. CV 18-02760-TJH (AGR), 2018 U.S. Dist. LEXIS 221783, *21-22 (C.D. Cal. Dec. 18, 2018) (holding that petitioner was not entitled to a later start date under 28 U.S.C. § 2244(d)(1)(C) because "there is no indication *Johnson* invalidated California's second-degree felony-murder rule.").

Thus, petitioner's claim is barred by the statute of limitations and, even if it was not, the court would dismiss it on the merits.

Conclusion

Accordingly, it is RECOMMENDED that respondent's motion to dismiss (ECF No. 10) be GRANTED and the petition be DISMISSED as time-barred and for failure to present a claim that entitles him to federal habeas relief.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: February 12, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4